## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DEBORAH GUERINGER STRAND,
               Appellant,

       v.

DEPARTMENT OF VETERANS
    AFFAIRS,
               Agency.

DOCKET NUMBER
AT-1221-20-0626-W-1

DATE: August 16, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Tricia Myers</u>, Portland, Oregon, for the appellant.

<u>Patrick J. Neil</u>, Esquire, Tampa, Florida, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal as untimely filed. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).[2]

By letter dated July 9, 2019, the Office of Special Counsel (OSC) informed the appellant that it had closed its file regarding her allegations of reprisal for whistleblowing activity and notified her of her right to seek corrective action from the Board within 65 days of the date of the letter. Initial Appeal File (IAF), Tab 28 at 52; *see* 5 U.S.C. § 1214(a)(3)(A); 5 C.F.R. § 1209.5(a)(1) (stating that an IRA appeal must be filed no later than 65 days after the date that OSC issues its close-out letter, or, if the letter is received more than 5 days after its issuance, within 60 days of the date of receipt). The appellant filed the present IRA appeal on June 25, 2020, 353 days after the date of the close-out letter. IAF, Tab 1.

On review, the appellant does not challenge the administrative judge's finding that her IRA appeal was untimely filed by 287 days. Petition for Review (PFR) File, Tab 1 at 4, Tab 5 at 4-11; IAF, Tab 32, Initial Decision (ID) at 3. Rather, in her reply to the agency's response, the appellant alleges for the first time that equitable tolling should apply to her case. PFR File, Tab 5 at 4-11.

---

[2] Because the appeal was dismissed on timeliness grounds, the administrative judge properly did not reach the issue of jurisdiction. *See Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 13 (2014).

Although the appellant's arguments are difficult to discern, she primarily seems to allege that the OSC attorney assigned to her whistleblower complaint and a prior complaint mishandled her case by giving her conflicting information, not allowing her sufficient time to respond to OSC's requests to provide additional information and evidence, and telling her in April 2019 that OSC could not help her regarding her termination and hostile work environment claims. *Id*. at 4-8. She argues that OSC's close-out letters were "very vague and misleading" and asserts that she was not aware that she had to file two separate appeals concerning her whistleblower complaint and termination and discrimination claims. *Id*. at 9. The appellant states that the OSC attorney sent the July 9, 2019 close-out letter months after telling the her that OSC could not help her, and asserts, "I did not initially notice, I am sure, because I was in shock and could not get [past the attorney] telling me that my termination was justified." *Id*. at 10. She argues that she had been "derailed" and "misinformed" by the OSC attorney, who sent the close-out letter "to cover herself, after already telling" the appellant that OSC could not help her. *Id*. at 11. Finally, she asserts that she "did not know that [she] was out of the timeframe when [she] submitted" her IRA appeal. *Id*. at 12.

Under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the close of the record below despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016) (stating that the Board generally will not consider an new argument raised for the first time on review absent a showing that it is based on new and material evidence). The appellant provides no explanation why she did not submit her arguments and evidence in support of equitable tolling in response to the timeliness order. PFR File, Tab 1 at 4, Tab 5 at 4-11. The administrative judge afforded the appellant numerous opportunities to gather relevant evidence and respond to the timeliness issue, including two 30-day suspensions of case processing and granting the appellant's

request for an additional 30 days to provide evidence and argument in a final written submission. IAF, Tabs 22, 25, 26. Moreover, the administrative judge clearly informed the appellant that he would make a determination on timeliness based on the written record. IAF, Tab 26 at 1. Although the appellant argues on review that she "did not receive the last order until 2.8.2021," PFR File, Tab 1 at 4, it is unclear if she refers to the February 3, 2021 initial decision or a previous order issued by the administrative judge. We note that the appellant filed five pleadings in response to the order regarding final submissions, none of which addressed the issue of timeliness. Tabs 27-31. To the extent that any of the documents that the appellant submitted on review concerning her communications with OSC and underlying allegations against her employing agency were not already part of the record, she has provided no explanation why they were not available before the close of the record. PFR File, Tab 1 at 5-34, Tab 10 at 5-203, Tab 11 at 4-40.

In any event, the appellant's arguments and evidence on review provide no basis for disturbing the administrative judge's findings that she failed to establish that her appeal was timely filed or that her delay should be excused on the basis of equitable tolling. ID at 3-4. The administrative judge correctly found that the appellant had not identified the date on which she received OSC's July 9, 2019 letter or alleged that she received it more than 5 days after it was issued, and the appellant's vague argument on review that she did "not initially notice" the letter fails to establish that the filing deadline should have been extended. PFR File, Tab 5 at 10; *see* 5 C.F.R. § 1209.5(a)(1). The appellant's assertion that she did not receive OSC's preliminary determination letter dated June 14, 2019 until July 1, 2019, and that she was "completed unaware and blindsided" when the OSC attorney sent her another email and attached letter on July 9, 2019 after telling her that OSC "could not help" her, in fact serves as an acknowledgment that she did receive OSC's letters. PFR File, Tab 5 at 6.

As set forth in the initial decision, the statutory limit for filing an IRA appeal cannot be waived for good cause shown. ID at 2; *see Heimberger v. Department of Commerce*, 121 M.S.P.R. 10, ¶ 9 (2014). Even considering the appellant's arguments on review, we agree with the administrative judge that she has not alleged any circumstances that would warrant the application of equitable tolling to excuse her untimely filing. ID at 3-4; *see Wood v. Department of the Air Force*, 54 M.S.P.R. 587, 593 (1992) (explaining that the filing period may be suspended for equitable reasons, such as when the complainant has been induced or tricked by her adversary's misconduct into allowing the deadline to pass or where she filed a defective pleading during the statutory period) (citing *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990)); 5 C.F.R. § 1209.5(b). Although the appellant argues on review that the OSC attorney gave her "conflicting messaging, making it impossible for [her] to respond in a timely manner," the appellant's extensive statements only concern her submission of additional information to OSC during the investigation of her complaint prior to the issuance of the July 9, 2019 close-out letter. PFR File, Tab 5 at 4-7. Equitable tolling does not extend to mere "excusable neglect." *Wood*, 54 M.S.P.R. at 593 (quoting *Irwin*, 498 U.S. at 96). The appellant's claim that she remained confused that she had to file an IRA appeal before the Board within a certain time frame does not demonstrate that she had been pursuing her rights diligently and that some extraordinary circumstances prevented her from filing an initial appeal until almost 1 year after OSC issued the letter. PFF File, Tab 5 at 9, 12; *see Heimberger*, 121 M.S.P.R. 10, ¶ 10.

Accordingly, we deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[3]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[4] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[4] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.